IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY RUSSO, § § Plaintiff, § v. § § § SANGHA ASSOCIATES, INC. § § Defendant § § | Civil Action No. 21-1843 Jury Trial Demanded Section ___ Mag ___ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff ANTHONY RUSSO (sometimes referred to as "Anthony" or "Plaintiff") brings this action against Defendants Sangha Associates, Inc., Dean Willard, and Emily Willard (sometimes collectively referred to as "Defendants"), and respectfully allege as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, et seq. ("the Wage Payment Act"), for, inter alia, unpaid wages and non-payment of minimum wages, unreimbursed expenses, liquidated damages, penalty wages, and attorney's fees and costs.

### THE PARTIES

2. Anthony is an individual residing in St. Tammany Parish, Louisiana. Anthony formerly was employed as an Electronic Call-Button Technician through Sangha Associates, Inc.'s Willard Healthcare Solutions company.

3. Sangha Associates, Inc. ("Sangha") is a corporation organized under the laws of the State of Delaware, registered to do and doing business in the State of Louisiana, and may be served

through its registered agent for service of process: CT Corporation Systems, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

4. Defendants Dean Willard and Emily Willard are corporate officers of Sangha Associates, Inc. and both are an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391, as part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues. Defendants provide telecommunication systems and associated services to healthcare facilities in Louisiana and throughout the nation.

8. Furthermore, Defendants engaged in commerce within the meaning of the FLSA, and therefore are subject to individual coverage under the FLSA.

9. Defendants directed and monitored the work of Plaintiff and other workers. For example, Defendants: (i) set Plaintiff' schedules and work hours; (ii) assigned and monitored Plaintiff's

work; (iii) supervised and evaluated Plaintiff's work; and (iv) determined the rates of pay for Plaintiff.

10. Plaintiff regularly worked for Defendants but was not paid at least minimum wage for his last full week of work. Defendants failure to pay Plaintiff any amounts for his last full week of work resulted in Defendant not paying Plaintiff at least the national minimum wage for his work as required by the FLSA.

11. Plaintiff's primary duties did not (a) involve the performance of office or non-manual work directly related to Defendants' general business operations or their customers, and (b) require the exercise of discretion and independent judgment.

12. Nor did Plaintiff (a) manage a recognized department or subdivision of Defendants' operations, (b) customarily and regularly direct the work of at least two or more other full-time employees or their equivalent, or (c) have input into the hiring, firing, or promotion of other employees.

13. By refusing to pay Plaintiff for all hours worked, Defendants have violated the FLSA and the Louisiana Wage Payment Act.

14. Plaintiff was laid off or terminated by Defendants on or around November 1, 2020.

15. On the week prior to this lay-off, Plaintiff worked as directed by Defendants for 40-hours.

16. Defendants have not paid Plaintiff his final wages for this period.

17. Plaintiff has made demand to Defendants for the compensation owed, but Defendants still have refused to pay the wages owed to Plaintiff.

18.     Defendants' denial of straight-time pay for hours worked up to 40-hours, minimum pay for hours worked up to 40-hours, final wages, and overtime compensation for hours worked beyond 40-hours to Plaintiff is, and has been, willful and deliberate.

19.     Defendants further have failed to reimburse Anthony for his employment related travel expenses per company policy or company custom.

20.     At all material times, Defendant deducted and paid taxes to the Louisiana Department of Revenue from Anthony's paycheck up to the missed payments complained of herein as Anthony was at the time of hiring and had the requisite intent to remain a Louisiana resident.

## FIRST CAUSE OF ACTION
(Failure to Pay Minimum Wage in violation of the FLSA)

21.     Plaintiff incorporates by reference each allegation in the preceding paragraphs as though fully set forth herein.

22.     The FLSA requires employers to pay all non-exempt employees: (i) at least the federal minimum wage of $7.25 per hour for all hours worked.

23.     Defendants have deprived Plaintiff of lawful compensation in violation of the FLSA as heretofore alleged by failing to pay Plaintiff the minimum hourly rate for hours worked up to 40-hours in a work week.

24.     Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

25.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages equal to the amount of all uncompensated time, including minimum wage, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

26.     Plaintiff also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION

(Violations of the Wage Payment Act)

27. Plaintiff incorporates by reference each allegation in the preceding paragraphs as though fully set forth herein.

28. Despite demands from Plaintiff, Defendants have failed to pay the wages due under the terms of their employment after his lay-off or termination within the time period prescribed by the Louisiana Wage Payment Act, La R.S. 23:631 et seq.

29. Accordingly, Plaintiff is not only entitled to recover his unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

30. Plaintiff hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth his Complaint, Plaintiff Anthony Russo respectfully requests that this Court order the following relief:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiff;

(b) Award Plaintiff unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to him under the FLSA;

(c)     Award Plaintiff attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by the FLSA;

(d)     Award Plaintiff unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Louisiana Wage Payment Act; and

(e)     Award Plaintiff any other legal and equitable relief that this Court deems just and proper.

Dated:  October 7, 2021                                          Respectfully Submitted,

**Loyd J. Bourgeois, LLC**

*/s/ Loyd J. Bourgeois, Jr.*

_____
Loyd J. Bourgeois, Jr., La. Bar No. 29771
50 Wade St. Ste 9
Luling, LA 70070
Ph: (985) 240-9773
Fax: (866) 882-3988
Email: loyd@ljblegal.com
Attorney for Anthony Russo