IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Anthony Russo,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Sangha Associates, Inc., Dean Willard, and Emily Willard,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01843-CJB-KWR |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), entered into before the undersigned notary public and witnesses, is between Anthony Russo ("Plaintiff") and the Sangha Associates, Inc., Dean Willard, and Emily Willard and any heirs, legatees, agents, employees, assigns, representatives, all self-insureds (participants) by definition, predecessors, successors, officers, directors, shareholders, members, partners, affiliates, subsidiaries, parent entities, and successor entities of Defendants ("Defendants"), hereinafter collectively referred to as "the parties."

### I. PREFACE

A.　　Plaintiff instituted Case No. 2:21-cv-01843-CJB-KWR in the United States District Court for the Eastern District of Louisiana, regarding incidents arising out of Plaintiff's employment and termination, wherein Defendants were among those made defendants.

B.　　The parties desire to fully and finally settle, in the manner set forth herein, any and all claims that exist between the parties arising out of or in any way, including but not limited to any claims, events, occurrences or allegations asserted in Plaintiff's lawsuit and arising from Plaintiff's employment.

C.　　The parties intend that the execution of this Agreement, without further writings, will compromise any and all claims that the parties may have arising out of Plaintiffs' Complaint, employment, and termination.

### II. OBLIGATIONS

A.　　*Defendants' Obligations.* Defendants are obligated under this Agreement to pay to the Plaintiff Seven Thousand and 00/100 dollars ($7,000.00) (the "Settlement Payment") as 1099 income payable to Plaintiff and Loyd J. Bourgeois, LLC which will be mailed to 50 Wade St., Ste 9, Luling, Louisiana 70070 within 30 days of Plaintiff signing this Agreement.

1

B.  *Plaintiff's Obligations.* Plaintiff is obligated under this Agreement to: (1) agree to sign and file a Joint Consent Motion for Approval of FLSA Settlement and for Dismissal of the lawsuit prepared by defendants within 30 days of executing this Agreement, (2) swear to the declarations and warranties as provided herein, (3) release, indemnify and dismiss Defendants as provided herein, and (4) make no modifications to this Settlement Agreement or the Dismissal without express written consent of Defendants' counsel.

C.  *Costs.* Each party shall pay their own record and non-record court costs and Plaintiff agrees not to seek any additional costs from Defendants as this settlement is intended to preclude the award of any costs.

D.  *Fees.* Each party shall pay their own attorney fees and Plaintiff agrees not to seek any additional payment for his attorney fees from Defendants as this settlement is intended to preclude the award of any attorneys' fees.

### III. DECLARATIONS & WARRANTIES

A.  *Capacity and Consent.* Plaintiff declares and warrants that he is not and has never been interdicted; is competent to enter into this Agreement; can read and write the English language; has read this Agreement; understands this Agreement; has no objections to this Agreement; and that after mature deliberation, he signs his name hereto of his own free will, without threat of duress or intimidation.

B.  *Understanding.* Plaintiff declares and warrants that he has been represented herein in all capacities by Loyd Bourgeois, who has advised him of all of his rights, obligations, and forfeitures created by and resulting from this Agreement; and that Plaintiff understands that by executing this Agreement, any obligations of the Defendants that were created by the transactions or occurrences of the lawsuit will be forever discharged. Plaintiff agrees that this settlement is fair and reasonable for the resolution of his claims.

C.  *Assignment, Subrogation, Liens & Privileges.* Plaintiff declares and warrants:

(1) That he has not entered into a contract of employment with an attorney at law other than Loyd J. Bourgeois, LLC in connection with the transactions or occurrences made the subject of the lawsuit, and that no liens or privileges in favor of such other attorneys exist, including any subrogation, lien or privilege rights of any such attorney as per LA. REV. STAT. §§9:5001 & 37:218. **If any such liens or privileges do exist, they will be satisfied with the amount received by Plaintiff pursuant to this agreement.**

(2) That he has not received and is not entitled to receive any state or federal workers' compensation benefits as a result of the transactions or occurrences made the subject of the lawsuit; that no person or entity possesses a lien or privilege for reimbursement of workers' compensation benefits on any amount that is or could be received by Plaintiff

2

pursuant to this Agreement. If any such liens or privileges do exist, they will be satisfied with the amount received by Plaintiff pursuant to this agreement.

(3) That he has not sold, transferred, assigned, exchanged, or otherwise alienated the rights and interests conferred upon his as a result of the transactions or occurrences made the basis of the lawsuit. If any right or interest has been alienated, those rights and interests will be extinguished and satisfied by Plaintiff with the amount received pursuant to this agreement.

E.  *Other Claims.* Plaintiff declares and warrants that no spouse, child, parent, sibling, grandparent, or other person or entity not a party to this agreement has any rights or interests derivative of Plaintiff's alleged injuries, such as a consortium claim, and if any person attempts to assert same, Plaintiff declares that Defendants shall be indemnified and held harmless in accordance with Section VI of this agreement.

## IV. GENERAL RELEASE

A.  Plaintiff, for and in consideration of the amount listed hereinabove paid by Defendants, does hereby IRREVOCABLY and UNCONDITIONALLY RELEASE, ACQUIT, and FOREVER DISCHARGE Defendants, from any and all obligations, claims, demands, causes of action, actions, and suits which have been or could have been asserted by Plaintiff as a result of the transactions or occurrences forming the basis of the lawsuit.

B.  The "obligations, claims, demands, causes of action, actions, and suits" released herein include, but are in no way limited to: assault, battery, intentional or negligent infliction of emotional distress, false arrest, false imprisonment, excessive force, nuisance, trespass, intentional torts, negligence, gross negligence, wanton or reckless conduct, whistleblower reprisal, interference with a contractual relationship, intentional business harms, abuse of process, invasion of privacy, defamation, fraud, consortium, pain and suffering, loss of earnings, loss of earning capacity, claims for mental or emotional distress, claims for racial discrimination, sexual discrimination, age discrimination, claims for indemnity, claims for contribution, reimbursement claims, workers' compensation claims, penalties, attorney fees, claims under equity, claims under the United States or Louisiana Constitutions (including but not limited to First and Fourth Amendment claims under the United States Constitution), claims for damages to property, any claim that may be brought under the Federal Labor Standards Act, the Louisiana Wage Payment Act, the Age Discrimination in Employment Act (29 U.S.C. § 621, including all special wavier provisions of 28 U.S.C. § 626(f)), the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101), the Equal Pay Act of 1963 (29 U.S.C. § 206(d), 42 U.S.C. 1295(y) (b) (3) (A), and any other claims under federal, Louisiana or other states' law.

## V. INDEMNIFICATION

Plaintiff agrees to indemnify, defend, and hold harmless, Defendants, including payment of all attorneys' fees (by an attorney selected by the Defendants), costs, expenses, penalties and any amount for which Defendants are cast in judgment, from any and all further liability and expenses

3

as to any claims, demands, causes of action, actions, and suits, by or on behalf of Plaintiff, including, but not limited to those asserted pursuant to or for the enforcement of:

(1) Any assignment, subrogation, lien, or privilege rights of any attorney (LA. REV. STAT. § 37:218)(LA. REV. STAT. § 9:5001);

(2) Any assignment, subrogation, lien, or privilege rights possessed by any workers' compensation payor;

(3) Any consortium claim; and

(4) Any other assignment, subrogation, lien, or privilege rights of any nature whatsoever not specifically referenced herein as related to the underlying claims brought in the Complaint of the referenced matter.

## VI. MISCELLANEOUS

A.   *Construction.* This Agreement shall be construed as a contract negotiated at arm's length, and any special rules of construction applicable to contracts of adhesion or insurance contracts shall not apply. No party shall be deemed to be the drafter of any particular provision of this Agreement, nor shall any part of this Agreement be construed against any party on the basis of its identity as the drafter of any part of this Agreement.

B.   *Severability.* If any provision of this Agreement is held to be unenforceable or invalid, that provision shall be fully severable and shall not affect the validity of any other provision, except for those provisions to which the presumption in LA. CIV. CODE art. 2083 is applicable. The parties may agree to add an enforceable replacement provision.

C.   *Liability not Admitted.* Plaintiff understands and acknowledges that this Agreement is to avoid future litigation and that, in entering into this Agreement, the Defendants do not admit any fault or liability whatsoever.

D.   *Taxes.* Defendants have not made, and in fact, make no warranty or representation of any nature as to the actual taxable nature to Plaintiff of the settlement proceeds or as to any position which might be taken by the Internal Revenue Service, or any other taxing authority. Any tax liability that might be found to exist is exclusively the responsibility of Plaintiff and Plaintiff agrees that should the Internal Revenue Service, or any other taxing authority, disagree with the characterization of the payment paid, Plaintiff shall assume all liability for all taxes.

E.   *Confidentiality.* Plaintiff further declares that the negotiations leading to, and including the execution of this Settlement Agreement and Receipt and Release, will remain strictly confidential between Plaintiff and Defendants. The existence, nature, terms and conditions of this Settlement Agreement are strictly confidential and shall not be disclosed by Plaintiff in any manner or form (including but not limited to any social media platform), directly or indirectly, to any person or entity under any circumstances, except by order of a court of competent jurisdiction, or in proceedings to enforce this settlement. Plaintiff may also inform his spouse, tax or financial

advisor and legal representative of the amount of the settlement after informing them of their obligation to keep the agreement confidential. The confidentiality obligations in this Paragraph do not and shall not be interpreted to operate as a bar or to limit Plaintiff's participation, assistance or testimony with the EEOC, NLRB, DOL, or any like state or federal agency in any investigation or proceeding. In the event that Plaintiff is served with a subpoena or other judicial process demanding testimony or documents implicated under the terms of this Paragraph, Plaintiff shall transmit a copy of said subpoena or process to Bill Hopkins, HOPKINS LAW FIRM, LLC. 12019 Ocean Highway, Pawleys Island, SC 29585. In the event that Defendants decide to make an application to quash the subpoena or process, they will inform Plaintiff prior to the date for compliance therewith. If asked about the status of the case, Plaintiff or Defendants can respond that the litigation has been "amicably resolved."

F.   *Bankruptcy.* Plaintiff warrants that he has not filed bankruptcy since the institution of this lawsuit through this date, and further that he has no plans to file bankruptcy within ninety (90) days of this Settlement Agreement.

G.   *Enforceability.* It is understood and agreed by the parties as defined in Section I of this Settlement Agreement, that, in any action to enforce this Settlement Agreement the prevailing party shall be entitled to recover all reasonable attorneys' fees and costs from the party against whom the Settlement Agreement is enforced.

I.   *Non-Disparagement.* Plaintiff agrees and covenant that Plaintiff shall not at any time make, publish, or communicate to any person or entity or in any private or public forum any defamatory, maliciously false, or disparaging remarks, comments, or statements concerning the Defendants. Defendant agrees to instruct Bill Bussie and Steve Edmonson not to make statements to any person that are defamatory, maliciously false, or disparaging concerning the Plaintiff.

J.   The named party, by signing below, swears under penalty of perjury that their attorney(s) have fully explained this Settlement Agreement to them and have answered all questions to their satisfaction.

SIGNED by ANTHONY RUSSO on the _10_ day of _December_, 2021, in _Albany_ ~~Parish, Louisiana~~ _New York_, in the presence of the undersigned competent witnesses and notary public.

_____
Anthony Russo

_____
Signature: Witness 1

Desire Rostocki
Print Name: Witness 1

_____
Signature: Witness 2

Gabriella DuBois
Print Name: Witness 2

5

## ACKNOWLEDGMENT

On this 10th day of December, 2021, personally came and appeared ANTHONY RUSSO, to me personally known, who, after being duly sworn, did depose and state in the presence of the two competent witnesses above referenced that he voluntarily executed the above and foregoing Settlement Agreement for the purposes therein expressed.

Roswitha M. Szymborski
Notary Public
Print Name: Roswitha M. Szymborski
Notary/Bar No: 01SZ6383981
Commission expires: 12-31-2022

ROSWITHA M. SZYMBORSKI
Notary Public, State of New York
Registration #01SZ6383981
Qualified In Schenectady County
Commission Expires Dec. 31, 2022

* * * * * * * * * * * * *

_____
For Defendants

Emily Willard, CEO
Printed Name & Title

12-14-2021
Date

6